IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE APPLICATION OF <br> JUAN RAMON MOLINA MENDOZA, <br>    Plaintiff/Petitioner, <br><br> v. <br><br> VALESKA FRANCISCA GUTIERREZ HERNANDEZ, <br>    Defendant/Respondent. | CIVIL ACTION NO. 19-4520 |

## VERIFIED COMPLAINT AND PETITION
## FOR RETURN OF THE CHILDREN

Plaintiff/Petitioner, Juan Ramon Molina Mendoza, respectfully shows this Court as follows:

### I. INTRODUCTION

1. This action is brought by Juan Ramon Molina Mendoza ("Mr. Molina Mendoza" or "Petitioner"), a citizen of Honduras, to secure the return of his seven-year-old son, AJMG, and his six-year-old son, JRMG (together, "Children"), who were, without Petitioner's consent or acquiescence, wrongfully removed from Honduras and brought to the Southern District of Texas by the Children's mother, Valeska Francisca Gutierrez Hernandez ("Ms. Gutierrez Hernandez" or "Respondent").

2. This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA").[2] A copy of the Hague Convention is attached hereto as Exhibit A. The Hague Convention came into effect in the United States of America on July 1, 1988, and has been ratified between, among other Contracting States, the United States of America and Honduras.

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,670 at 1.
[2] 22 U.S.C. §§ 9001-9011.

3. The objects of the Hague Convention are:

Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

*Id.*

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction). Venue is proper in this district pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because, upon information and belief, the Children and Respondent are residing at the home of the Respondent's mother at 6111 Willowbend Boulevard, Apartment 813, Houston, Texas 70096, which lies in the Houston Division of the Southern District of Texas. A copy of the letter from the United States Department of State concerning the Respondent's residence at 6111 Willowbend Boulevard, Apartment 813, Houston, Texas 70096 is attached hereto as Exhibit B.

## III.   STATEMENT OF FACTS

6. As noted above, Petitioner and Respondent are the parents of the Children. Petitioner and Respondent are not married, but lived together in Nacaome, Valle, Honduras in the years prior to

the Children's wrongful removal.

7. In 2012, Ms. Gutierrez Hernandez gave birth to AJMG in San Lorenzo, Valle, Honduras. AJMG is now seven years old. A copy of AJMG's birth certificate and a translation thereof are attached hereto as Exhibit C. The birth certificate identifies Petitioner as the child's father.

8. In 2013, Ms. Gutierrez Hernandez gave birth to JRMG in Nacaome, Valle, Honduras. JRMG is now six years old. A copy of JRMG 's birth certificate and a translation thereof are attached hereto as Exhibit D. The birth certificate identifies Petitioner as the child's father.

9. Until September 21, 2018, Mr. Molina Mendoza, Ms. Gutierrez Hernandez and the Children lived together at their family residence in Honduras. Mr. Molina Mendoza and Ms. Gutierrez Hernandez have lived together since 2011. In total, Mr. Molina Mendoza and Ms. Gutierrez Hernandez lived together in Honduras for over seven years.

10. AJMG attended school at Dr. Marco Aurelio Soto educational center in Nacaome, Valle, Honduras until his wrongful removal from Honduras. A copy of a certified letter from the school and a translation thereof are attached hereto as Exhibit E.

11. JRMG attended school at Camara Junior education center in Nacaome, Valle, Honduras until his wrongful removal from Honduras. A copy of a certified letter from the school and a translation thereof are attached hereto as Exhibit F.

12. On September 21, 2018, Ms. Gutierrez Hernandez left Honduras without the Children and traveled to Spain. Ms. Gutierrez Hernandez remained in Spain until she returned to Honduras, arriving in San Pedro Sula, Honduras on December 28, 2018.

13. During Ms. Gutierrez Hernandez's absence, Mr. Molina Mendoza was the Children's primary caregiver.

14. On December 31, 2018, upon arriving to Nacaome, Valle, Ms. Gutierrez Hernandez informed Mr. Molina Mendoza that she was taking the Children on a stroll. Ms. Gutierrez Hernandez and the Children never returned to the residence. That same day, the nanny that normally cared for the Children while Mr. Molina Mendoza worked called Mr. Molina Mendoza and informed him that the Children had been taken.

15. Mr. Molina Mendoza immediately called Ms. Gutierrez Hernandez's sister, who lives in the United States. She informed him that Ms. Gutierrez Hernandez and the Children were traveling to the United States.

16. On January 22, 2019, Ms. Gutierrez Hernandez's sister called Mr. Molina Mendoza and confirmed that the Children were now in the United States.

17. Ms. Gutierrez Hernandez abducted AJMG and JRMG from Honduras without Mr. Molina Mendoza's permission.

18. Upon information and belief, the Children are currently being kept in the company of Respondent and Respondent's mother (the Children's grandmother) at 6111 Willowbend Boulevard, Apartment 813, Houston, Texas 70096. *See* Exhibit B.

19. On January 15, 2019, Petitioner's "International Restitution Request" was submitted to the United States Department of State through the Central Authority of the Republic of Honduras. A copy of the Petitioners "International Restitution Request" and a translation thereof are attached hereto as Exhibit G.

20. On July 3, 2019, Petitioner began communications with the firm BakerHostetler. A copy of the email correspondence is attached hereto as Exhibit H. Petitioner has had only limited telephonic contact with the Children since their removal from their habitual residence in Honduras.

**IV. WRONGFUL REMOVAL AND RETENTION OF CHILDREN BY RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION**

21. As set forth above, on or about December 31, 2018, Respondent wrongfully removed the Children within the meaning of Article 3 of the Convention and continues to wrongfully retain the Children in the State of Texas, United States, in violation of Article 3 of the Hague Convention.

22. Petitioner has never acquiesced or consented to the removal of the Children from Honduras to the United States or to their living outside of Honduras.

23. Respondent's removal and retention of the Children is wrongful within the meaning of Article 3 of the Convention because:

> (a) It is in violation of Petitioner's rights of custody as established by Honduran law. Article 187 of the Honduran Family Code provides that "parental authority belongs to both parents jointly." Parental authority includes the right to exercise care and custody of the child. Honduran Family Code, Art. 186. Honduran law also provides that, when both parents exercise parental authority, written authorization of the other is required if just one parent is traveling out of the country with a child. Honduran Code of Childhood Adolescence, Art. 101. A copy of Articles the relevant Honduran laws are attached hereto as Exhibit I. Specifically, Respondent's removal and retention of the Children is in violation of Petitioner's right as a physical custodian to determine the Children's place of residence. *See* Hague Convention, Art. 5(a) (defining "rights of custody" under Article 3 to include "in particular, the right to determine the child's place of residence");
>
> (b) At the time of the Children's removal from Honduras, Petitioner was exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for Respondent's removal and retention of the Children, Petitioner would have

5

continued to exercise those rights; and

(c) The Children habitually resided with Petitioner in Honduras within the meaning of Article 3 of the Convention immediately before their removal and retention by Respondent.

24. Respondent is presently wrongfully retaining the Children in the State of Texas, County of Harris, United States.

25. Upon information and belief, Respondent is keeping the Children at Respondent's mother's residence, 6111 Willowbend Boulevard, Apartment 813, Houston, Texas 70096.

26. The Children are now six and seven years old. The Hague Convention applies to children under sixteen (16) years of age and thus applies to both Children. *See* Hague Convention, Art. 4.

27. The Petition is filed less than one year from Respondent's wrongful removal of the Children. Petitioner has never consented or acquiesced to Respondent's wrongful removal or retention of the Children.

## V. PROVISIONAL REMEDIES
### (22 U.S.C. § 9004 & HAGUE CONVENTION, ARTICLE 16)

28. Petitioner requests that this Court issue an immediate order restraining Respondent from removing the Children from the jurisdiction of this Court, and a warrant seeking immediate physical custody of the Children, directing any United States Marshal or other law enforcement officer to bring the Children before this Court. A Brief in Support of the Motion for a Temporary Restraining Order is attached hereto as Exhibit 1. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

## VI.   ATTORNEY FEES AND COSTS
### (22 U.S.C. § 9007)

29.     To date, Petitioner has incurred attorneys' fees and costs as a result of the wrongful retention of the Children by Respondent.

30.     Petitioner respectfully requests that this Court award him all costs and fees incurred to date as required by 22 U.S.C. § 9007.

## VII.   NOTICE OF HEARING
### (22 U.S.C. § 9003(C))

31.     Pursuant to 22 U.S.C. § 9003(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## VIII.   RELIEF REQUESTED

WHEREFORE, Petitioner Juan Ramon Molina Mendoza prays for the following relief:

(a) An immediate temporary restraining order prohibiting the removal of the Children from the jurisdiction of this Court pending a hearing on the merits of this Verified Complaint; and further providing that no person acting in concert or participating with Respondent shall take any action to remove the Children from the jurisdiction of this Court pending a determination on the merits of this Verified Complaint;

(b) The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that Respondent show cause at this hearing why the Children should not be returned to Honduras, and why such other relief requested in the Verified Complaint should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an order that the trial of the action on the merits be advanced and consolidated with the preliminary injunction hearing;

(c) The issuance of a warrant seeking physical custody of the Children, directing that the Children, along with Respondent, be brought into this Court by any United States Marshal, federal officer or police officer to guarantee their attendance at the hearing, and further authorizing such officer to serve Respondent with notice of the hearing and the pleadings filed by Petitioner in this case;

(d) A final judgment in Petitioner's favor establishing that the Children shall be returned to Honduras, where an appropriate custody determination can be made by a Honduran court under Honduran law;

(e) An Order requiring that Respondent pay Petitioner's expenses and costs under 22 U.S.C. § 9007, such expenses and costs to be resolved via post-judgment motion, consistent with the procedure outlined under Local Rule 54.2 of this Court; and

(f) For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted, this 18th day of November 2019.

By: */s/ Matthew W. Caligur*

Matthew W. Caligur (Southern District No. 31597)
Texas Bar No. 24031788
mcaligur@bakerlaw.com
Daniella Martinez (Southern District No. 3263932)
Texas Bar No. 24095821
dmartinez@bakerlaw.com
BAKER & HOSTETLER LLP
811 Main Street
Suite 1100
Houston, TX 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

**ATTORNEYS FOR PETITIONER**

## VERIFICATION

I am one of the attorneys for Plaintiff/Petitioner, Juan Ramon Molina Mendoza. I make this verification on behalf of Petitioner because Petitioner is absent from this country. The above document is true based on the above-identified attorneys' investigation to date and communication between Baker & Hostetler LLP and Mr. Juan Ramon Molina Mendoza, except as to the matters that are stated upon information and belief and as to those matters, I believe to be true. I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 18, 2019.

_____
Matthew W. Caligur